UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO:

ROBERT CHAPMAN,

       Plaintiff,
  v.

SCREENCO, INC., a Florida profit corporation,
and JOHN P. MEYER, Jr., an individual,

       Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

    ROBERT CHAPMAN, ("CHAPMAN"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, SCREENCO, INC., a Florida for-profit corporation, (hereinafter "SCREENCO"), and JOHN P. MEYER, Jr., an individual, (hereinafter "MEYER"), and states as follows:

## INTRODUCTION

    1.   This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

    2.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  At all times pertinent to this Complaint, the corporate Defendant, SCREENCO regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3. Defendants, SCREENCO and MEYER operated a screen enclosure business. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. Specifically, the Plaintiff handles screening materials, aluminum, and hand tools that were manufactured outside the State of Florida.

4. In addition to the Plaintiff, the Defendants had at least five other employees who were also engaged in commerce, and who regularly handled tools, aluminum, and screen-related equipment, which were manufactured outside the State of Florida.

5. Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Middle District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

## **VENUE**

8. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Middle District of Florida and,

   b. Defendants were and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, Plaintiff, was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, corporate Defendant, SCREENCO, was conducting business in Sarasota, Sarasota County, Florida.

11. At all times material hereto, Defendants, SCREENCO and MEYER, were the employers of Plaintiff, CHAPMAN.

12. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

13. At all times material hereto, Defendants SCREENCO and MEYER knowingly and willfully failed to pay Plaintiff, CHAPMAN his lawfully earned wages in conformance with the FLSA.

14. Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

15. At all times material hereto, corporate Defendant, SCREENCO operated an "enterprise engaged in commerce" within the meaning of the FLSA.

16. At all times material hereto, the work performed by Plaintiff, CHAPMAN was directly essential to the business performed by Defendants.

17. Plaintiff, CHAPMAN has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

18. On or about March 18, 2017, Plaintiff, CHAPMAN was hired by the Defendants as a aluminum installer at the Defendants' screen enclosure business. His employment ended on about March 18, 2019.

19. Plaintiff, CHAPMAN was paid and hourly rate of $20.00 per hour.

20. Plaintiff, CHAPMAN was not paid time-and-one-half his regular hourly rate of pay for all his hours in excess of forty in each week.

21. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

22. Defendant, MEYER was a supervisor and/or manager/owner who was involved in the day-to-day operations and/or was directly responsible for the supervision of Plaintiff. Therefore, he is personally liable for the FLSA violations.

23. Defendant, MEYER was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

24. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

25. Plaintiff, CHAPMAN repeats and realleges Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff, CHAPMAN's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

27. During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours. Plaintiff, CHAPMAN was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

28. Defendants automatically deducted about 3 to 5 hours per week for meal breaks not taken.

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff, CHAPMAN intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, CHAPMAN at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

31. Defendants failed to properly disclose or apprise Plaintiff, CHAPMAN of his rights under the FLSA.

32. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, CHAPMAN is entitled to liquidated damages pursuant to the FLSA.

33. Due to the willful and unlawful actions of the Defendants, Plaintiff, CHAPMAN has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

34. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CHAPMAN respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   May 14, 2019.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
2699 Stirling Road, Suite A-304
Hollywood, FL 33312

Phone: (954) 922-2298
Fax: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: <u>s/. Peter Bober</u>
    PETER BOBER
    FBN:  0122955
    SAMARA BOBER
    FBN: 0156248