UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT CHAPMAN,

    PLAINTIFF,

VS.                                CASE NO.: 8:19-CV-01165

SCREENCO, INC. AND JOHN P. MEYER, JR.,

    DEFENDANTS.   /

## DEFENDANTS' ANSWER AND AFFIRMITIVE DEFENSES

Defendants, SCREENCO, INC. ("Screenco") AND JOHN P. MEYER, JR. ("Meyer") (collectively "Defendants"), by and through its undersigned counsel, hereby submits their Answer, General Defenses and Affirmative Defenses to Plaintiff's Complaint and Demand For Jury Trial in the corresponding paragraphs below:

## INTRODUCTION

1. The allegations contained in Paragraph 1 constitute Plaintiff's characterization of his case and a citation to the FLSA, to which no response is required.

## JURISDICTION

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

5. Admitted for jurisdictional purposes only.

6. Admitted for jurisdictional purposes only.

7. Admitted for jurisdictional purposes only.

## VENUE

8. Admitted for venue purposes only.

## PARTIES

9. Admitted.

10. Admitted.

11. Admitted for purposes of the FLSA only.

12. Admitted.

13. Denied.

14. Denied.

15. Admitted.

16. Admitted for jurisdictional purposes only.

17. Without knowledge, therefore denied.

## STATEMENT OF FACTS

18. Denied.

19. Chapman earned twenty dollars per hour ($20.00/hr) for a limited period of time at the end of his employment. Otherwise denied.

20. Denied.

21. Denied.

22. Admitted that Meyer was involved in the day-to-day operations and was directly supervising the Plaintiff. Otherwise denied.

23. Admitted.

24. Without knowledge, therefore denied.

## STATEMENT OF CLAIM:

### COUNT 1

### VIOLATION OF 29 U.S.C. §207 (UNPAID OVERTIME

25. Defendants reincorporate their answer and responses to Paragraphs 1 – 24 above.

26. Admitted that the Plaintiff was to be paid on an hourly basis and receive time and a half for hours exceeding forty (40) in any workweek.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. This paragraph calls for a legal conclusion for which no response is necessary.

To the extent the unnumbered "wherefore" paragraph following Paragraph 34 requires a response, Defendants hereby deny all allegations set forth therein and deny that Plaintiff is entitled to any relief whatsoever.

### GENERAL/AFFIRMATIVE DEFENSES

1. Plaintiff has been paid equal to or greater than all wages and compensation to which he is entitled under the FLSA.

2. If any violation of the FLSA is found, the Court should not award liquidated damages in that any act or omission giving rise to any such violation was in good faith, Defendants having had reasonable grounds for believing that any such act or omission was not a violation of the FLSA.  Thus, the Court, in its discretion, should award no liquidated damages.

3. Some or all of Plaintiff's claims are barred by virtue of his failure to notify Defendants of the alleged issues, or in the alternative, some or all of Plaintiff's claims are barred due to his deliberate conduct preventing Defendants from learning of the issues.

4. Defendants acted at all times acted in good faith and with reasonable grounds for believing that it had acted in compliance with the FLSA.

5. Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel as he has been compensated in accordance with law for all compensable hours worked.

6. Plaintiff's claims are barred in whole or in part by the provisions of 29 U.S.C. § 254 as to all hours during which Plaintiffs were engaged in activities which were preliminary or post-preliminary to his principal activities.

7. Plaintiff's claims are barred in whole or in part by the de minimis doctrine.

8. To the extent the Plaintiff is able to establish liability, Defendants are entitled to a setoff based on payments made to Plaintiff to which he was not legally entitled, including but not limited to, premium compensation, overpayments, bonuses of any type, or other job related benefits paid or provided including his increased hourly rate as a condition to transitioning to his classification as an Independent Contractor.

9. To the extent the Plaintiff is able to establish liability, Defendants are entitled to a setoff based on failure by the Plaintiff to abide by a verbal Rental Agreement with Screenco, Inc. (for a period of less than one-year). These damages included, but were not limited to (a) unpaid rental payments to Screenco, (b) unpaid utility bill overages attributable Plaintiff's use of Screenco's utilities and due pursuant to the verbal Rental Agreement, and (c) damages or harm to the rental unit including, but not limited to clean up charges and costs associated with used intravenous syringes with needles left in the unit.

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

WHEREFORE, Defendants, SCREENCO, INC. AND JOHN P. MEYER, JR., requests that judgment be entered against the Plaintiff, that Plaintiff's demands, including but not limited to, demands for overtime compensation, liquidated damages, costs, and attorney's fees be denied. Defendants further request that judgment be entered in its favor and that it be awarded any other relief this Court deems just and proper, including but not limited to costs and attorney's fees of the Defendants, to which Defendants might otherwise show itself to be justly entitled.

Respectfully submitted this 19th day of June 2019,

/s/ Frank M. Malatesta, Esq.
FRANK M. MALATESTA
Florida Bar No. 0097080
Attorney for Plaintiff
Malatesta Law Office
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285

941.256.3812 PHONE  
888.501.3865 FAX  
frank@malatestalawoffice.com  
Staff@malatestalawoffice.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 19th day of June, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system.

/s/ Frank M. Malatesta, Esq.
FRANK MALATESTA, ESQUIRE
Florida Bar No.: 97080